**Jay Kevin TANIGUCHI, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 05–3144.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2008.

Before: SUHRHEINRICH, SUTTON, and GRIFFIN, Circuit Judges.

PER CURIAM.

Jay Kevin Taniguchi challenges the district court's denial of his § 2255 motion to vacate his sentence. Because Taniguchi's challenge is foreclosed by precedent, we affirm.

In July 2000, Taniguchi stood trial in federal court on charges stemming from a conspiracy to rob armored cars and local businesses in the Columbus, Ohio metropolitan area. On July 24, after a two-week trial, a jury found Taniguchi guilty of three Hobbs Act violations, *see* 18 U.S.C. § 1951, two use-of-firearm-during-commission-of-a-felony violations, *see id.* § 924(c), and bank larceny, *see id.* § 2113(b). The district court sentenced Taniguchi to four concurrent 120–month prison terms for the Hobbs Act and bank larceny convictions and two consecutive terms of 84 and 300 months for the firearm violations, leaving Taniguchi with a total of 504 months' imprisonment. JA 80. On direct appeal, a panel of this court affirmed Taniguchi's conviction and sentence. *See United States v. Taniguchi,* 49 Fed.Appx. 506, 521 (6th Cir.2002).

On September 2, 2003, Taniguchi filed a § 2255 motion, alleging seven constitutional violations that occurred during his trial and direct appeal. The district court denied Taniguchi's motion, declined to issue a certificate of appealability (COA) on six of the claims, and granted a COA on one claim: Is *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), retroactively applicable, and, if so, does Taniguchi's sentence violate *Blakely?*

"Generally speaking, federal habeas corpus petitioners may not rely on new rules of criminal procedure handed down after their convictions have become final on direct appeal." *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir.2005) (footnote omitted). In *Humphress,* we held that *Blakely* and *Booker* do not apply retroactively to cases pending on collateral review. *Id.* at 863. In doing so, we reasoned that Humphress' conviction became final before *Blakely* and *Booker, id.* at 860, that "[t]he *Booker* rule is clearly new," *id.* at 861, and that Humphress' case did not fall within an exception to the general rule of non-retroactivity, *id.* at 862–63.

*Humphress* governs Taniguchi's appeal. As for the first prong of the retroactivity analysis—whether the conviction became final before *Blakely* and *Booker*—Taniguchi's conviction unquestionably did. A defendant's conviction becomes final upon the expiration of the 90–day period in which he could have petitioned for certiorari to the Supreme Court. *See Sanchez–Castellano v. United States,* 358 F.3d 424, 426 (6th Cir.2004). Taniguchi did not file a petition for certiorari, so his conviction became final in January of 2003, 90 days after we denied his direct appeal. *Blakely,* decided in 2004, and *Booker,* decided in 2005, postdate Taniguchi's conviction. As for the remaining two prongs—whether the decision in question constitutes a "new rule" and if so, whether it fits into one of two exceptions, either as a rule that forbids punishment of primary conduct or that establishes a watershed rule of criminal procedure—we are bound by *Humphress.* As a panel, we of course lack authority to reconsider *Humphress, see Brown v. Cassens Transp. Co.,* 492 F.3d 640, 646 (6th Cir.2007), which we have consistently applied, *see, e.g., United States v. Carter,* 500 F.3d 486, 491 (6th Cir.2007); *Valentine v. United States,* 488 F.3d 325, 331 (6th Cir.2007); *Lang v. United States,* 474 F.3d 348, 353 (6th Cir. 2007); *United States v. Saikaly,* 424 F.3d

514, 517 (6th Cir.2005). As Taniguchi did not obtain a COA on any other argument, his appeal necessarily fails.

For these reasons, we affirm.